BOLT, AS CLERK AND ADMINISTRATOR, v. GRAY. .

COSTS—NEW PROMISE—PLEADINGS.—A note executed in 1882, and renewed by payments at intervals up to 1892, is a liquidated contract, under terms of 21 Stat., 30, and on suit on such note, prevailing party has right to tax costs under fee bill of force prior to act of 1892, and allegation of new promise by payment since 1892, is only allegation of promise to pay contract made by payment in 1892. Allegation of payment is allegation of new promise.

Before GAGE, J., Laurens, October, 1901. Reversed.

Action by Jno. F. Bolt, as clerk and administrator, against William L. Gray. From Circuit judgment, plaintiff appeals.

*Messrs. Simpson & Barksdale,* for appellant, cite: *As to allegations of new promise:* 38 S. C., 300; Code, 131; 33 S. C., 505; 62 S. C., 36.

*Messrs. Ball & Simkins,* contra, cite: *Action is on new promise and not on an old note:* 15 Rich., 365; 33 S. C., 505; 35 S. C., 613; 38 S. C., 300; 47 S. C., 430.

August 11, 1902. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an appeal from an order of the Circuit Court, sustaining the action of the clerk of the Court in refusing to tax costs in favor of the plaintiff in the above stated action. The clerk refused to allow plaintiff costs on the ground that the suit was brought August 31, 1897, after the passage of the act of December 22, 1892, 21 Stat., 30, which repeals attorneys' costs, except as to causes then pending or existing liquidated contracts, and that the cause of action in this case was not a liquidated contract existing at the time of the passage of the said act. The complaint alleged the execution of a note by defendant to Jane Fleming on October 3, 1882, and payments thereon

each year thereafter, except 1890, of specified sums, including a payment of $38, October 1, 1891, and a payment of $50, January 4th, 1892. The fifth paragraph of the complaint is as follows: "V. That after the expiration of six years from the date of maturity of said note, the said defendant, William L. Gray, on the 7th day of April, 1893, paid to the said J. H. Wharton, as administrator as aforesaid, the sum of forty-four and thirty-five one-hundredth ($44.35) dollars on the said debt, and thereby, in consideration of the moral obligation resting upon him to do so, promised anew to pay the balance due, and thereafter to become due, as principal and interest, upon the said debt." The theory upon which the Circuit Court, concurring with the clerk, proceeded, was that the action was upon the new promise based upon the last alleged payment and not upon the original contract. This, we think, was erroneous; for in the recent case of *McBrayer* v. *Mills*, 62 S. C., 36, it was held that the allegation in the complaint of a payment made by defendant upon the note described within six years before the commencement, is an allegation that defendant has done an act from which a new promise is implied by law. In paragraph 4, the complaint alleged payments on the note described, October 1, 1891, and January 4, 1892, within six years before the action was commenced, and previous to the act of 1892, *supra*. Since a debt or contract is a liquidated contract when its terms and the amount due are certain, the complaint, independent of the fifth paragraph above, alleged upon a liquidated contract existing at the time of the passage of the act of 1892, and is, therefore, expressly exempt from its operation. The allegation in the fifth paragraph of the complaint does not destroy the legal effect of the other allegations of the complaint. At most, the only effect of such allegation is to make the complaint not only one upon a liquidated contract, existing at the time of the passage of the act under consideration, but also upon the new promise made April 7th, 1893, to pay the balance due upon said

28—64

liquidated contract as it existed at the time of the payment made January 4th, 1892.

The judgment of the Circuit Court is reversed, and the case remanded for taxation of costs in conformity with the conclusion herein announced.